# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JAMES RAY CORBETT, JR., ) | |
| ) | CIVIL ACTION NO. 9:09-754-HMH-BM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MICHAEL MCCALL, Warden, ) | |
| Perry Correctional Center, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on March 24, 2009.[1]

The Respondent filed a return and motion for summary judgment on July 8, 2009. As the Petitioner is proceeding pro se, a Roseboro order was filed on July 9, 2009, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving numerous extensions of time, Petitioner filed a memorandum in opposition on October 13, 2009, and a supplemental response on October 16, 2009.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988) [Petition received in prison mail room on March 24, 2009].

[2] Although Petitioner references a pending motion for discovery (requesting copies of certain
(continued...)



1

This matter is now before the Court for disposition.[3]

## **Procedural History**

Petitioner was indicted in March 2003 in York County for murder [Indictment No. 03-GS-46-1055] and kidnapping and possession of a firearm during the commission of a violent crime [Indictment No. 03-GS-46-1056]. (R.pp. 3, 90-93). Petitioner was represented by Daniel D. D'Agostino, Esquire. On April 10, 2003, Petitioner pled guilty to murder and kidnapping and was sentenced to forty (40) years for murder and thirty (30) years, concurrent, for kidnapping. (R.pp. 1-38).[4] Petitioner did not appeal these guilty pleas or sentences.

On April 12, 2004, Petitioner filed a Post Conviction Relief Application ("APCR") in state circuit court. Corbett v. State of South Carolina, No. 2004-CP-46-896. (R.pp. 40-49). Petitioner raised the following issues in his APCR:

1. Ineffective Assistance of Counsel.

2. State failed to meet all of the conditions of plea agreement.

3. State failed to give defendant a full and complete copy of motion of discovery.

(R.p. 43).

Petitioner was represented by Leah B. Moody, Esquire, and an evidentiary hearing

---

[2](...continued)
cases), the Court found that motion moot on October 21, 2009, since Respondent sent copies of the requested material to the Petitioner.

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[4]The front page of the transcript has the date April 8, 2003, but the transcript date listed by the court reporter is April 10, 2003, which is the dated used by the parties. See (R.pp. 1, 39).

2



was held on February 28, 2006. (R.pp. 55-81). On March 22, 2006, the PCR judge issued an order dismissing the APCR in its entirety (dated March 21, 2006). (R.pp. 83-89).

Petitioner filed a timely notice of appeal of the decision in his PCR case in which he was represented by Wanda H. Carter, Deputy Chief Attorney of the South Carolina Commission on Indigent Defense's Division of Appellate Defense.[5] Petitioner's counsel filed a Johnson[6] petition raising the following issue:

> Trial counsel erred in allowing Petitioner to plead guilty when the state breached a term (visitation) of the plea agreement.

See Petition, p. 2.

On October 30, 2007, the South Carolina Supreme Court denied Petitioner's counsel's request to withdraw and directed the parties to address the following issue:

> Did the post-conviction relief (PCR) judge err in finding plea counsel was not ineffective for failing to ensure the State's compliance with the terms of the plea agreement?

See Order (dated October 30, 2007).

After the parties briefed this issue, the South Carolina Supreme Court denied the petition in a letter order issued on February 21, 2008. See Order (dated February 21, 2008). The Remittitur was filed on March 10, 2008. See Remittitur (dated March 10, 2008).

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

---

[5]The documents referenced herein pertaining to Petitioner's PCR appeal are included at the end of the bound record, but do not have page numbers.

[6]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 738, 744 (1967).

3



**Ground One:** Ineffective Assistance of Counsel.

Counsel failed to withdraw guilty plea after state failed to uphold the plea agreement. Counsel failed to file direct appeal when Petitioner instructed counsel he wanted to appeal.

**Ground Two**: State failed to uphold plea agreement.

State promised Petitioner contact visits with family and [two] co-defendants after sentencing, if Petitioner would plead guilty. State did not meet all of the promises made, so plea is invalid.

See Petition, pp. 6-7.

## Discussion

Respondent has moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

Respondent argues in his motion, inter alia, that the entire Petition is subject to

4



dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[7] and runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

Petitioner's state court convictions became final on April 21, 2003, ten (10) days after he entered his guilty plea and was sentenced. Rule 203(b)(2), SCACR.[8] By the time Petitioner filed

---

[7] Antiterrorism and Effective Death Penalty Act of 1996.

[8] Since the tenth day after Petitioner's plea was a Sunday, April 20, 2003, Petitioner had until April 21, 2003 to file an appeal. See Rule 234(a), SCACR. However, because Petitioner did not file a direct appeal, the ninety (90) day period for seeking certiorari from the United States Supreme Court is not included. See e.g., 28 U.S.C. § 1257 [United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"]; U.S.Sup.Ct.R. 10(b) [certiorari considered where "state court of last resort" has decided important federal question]; U.S.Sup.Ct.R. 13 [time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last

(continued...)

5



his APCR on April 12, 2004, three hundred and fifty-seven (357) days had passed. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until March 10, 2008, the date the South Carolina Supreme Court issued the Remittitur in Petitioner's APCR.[9] See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at **1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). By the time Petitioner then filed this action on March 24, 2009, three hundred and seventy-nine (379) days of additional non-tolled time had accrued since the final disposition of his APCR, for a total of seven hundred and thirty-six (736) days, well outside his one year limitations period.

Petitioner argues in his brief that his limitations period should be equitably tolled because he did not receive a copy of the South Carolina Supreme Court's order denying his petition. The Fourth Circuit has held that the federal one year statute of limitations can be subject to equitable tolling. See Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). However, circumstances will rarely warrant equitable tolling, and a

---

[8](...continued)
resort]; Rule 203(b)(2), SCACR [10 day requirement for filing of Notice of Appeal from criminal conviction].

[9]The period is tolled until the date that the Remittitur is issued. See SCACR 221(b); see also Christy v. Christy, 452 S.E.2d 1, 4 (S.C.Ct.App. 1994)[sending of the remittitur ends appellate jurisdiction].

6



Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Additionally, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113).

Here, although Petitioner argues that he did not receive a copy of the South Carolina Supreme Court's order dismissing his PCR appeal until over a year after it was issued, he has not shown any "extraordinary circumstances" which prevented him from filing a federal petition, or that he acted with reasonable diligence in pursuing his claims. Petitioner alleges that he did not receive a copy of the decision from his counsel, and that he did not discover that his petition had been dismissed until his mother checked on the status of his appeal in March 2009. However, counsel's failure to provide Petitioner with a copy of the dismissal order (assuming this assertion to be true) does not by itself entitle Petitioner to equitable relief. See Rouse, 339 F.3d at 248-250; Byers v. United States, 561 F.3d 832, 836 (8th Cir. 2009)[noting that "ineffective assistance of counsel that is due simply to an attorney's negligence or mistake does not generally constitute an 'extraordinary circumstance' that would justify equitable tolling"]; cf. Lawrence v. Florida, 549 U.S. 327, 336 (2007)[denying equitable tolling based on attorney error in a capital case]. Further, even though Petitioner states his counsel would not respond to his inquiries, he waited almost one and a half years after the Supreme Court ordered the briefing of his state appeal before asking his mother to

7



check on the status of his case. He did not himself contact the state court during that time, nor is there any evidence that he himself attempted to access the public record, which would have disclosed the status of his case. Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005)[assuming without deciding the applicability of equitable tolling under the AEDPA statute of limitations, but finding that, under "long established principles, petitioner's lack of diligence precludes equity's operation"](citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)); Rouse, 339 F.3d at 246; Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003)[holding that the limitations period was triggered under §2244(d)(1)(D) on the date that the inmate could have discovered factual predicate of his claim "through public sources"].

Therefore, Petitioner has not met his burden of showing that "extraordinary circumstances" prevented him from timely filing his federal Petition, or that he could not have filed a timely petition. Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]. Accordingly, Petitioner is not entitled to any equitable relief and he is therefore barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for



8

summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 9, 2009

Charleston, South Carolina



9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

